Judge Hellerstein

08 CV 01685

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**GEORGE ALEJANDRO,**

                                Plaintiff,

   - against –

**THE CITY OF NEW YORK, CAPTAIN "JOHN"
ROSS,** [Shield No. 1509], **CORRECTION
OFFICER "JOHN" GRAVES,** [Shield No. 8450]
**CORRECTION OFFICER "JOHN" NIEVES**
Shield No. 10573] and **CORRECTION OFFICER
"JOHN" RODRIGUEZ** [Shield No. Unknown] in their individual
and official capacities as Correction Officers employed by the
City of New York,

                                Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

RECEIVED
FEB 20 2008
U.S.D.C. S.D.N.Y.

      Plaintiff, by his attorney, ANDREW F. PLASSE, P.C., as and for his Complaint, hereby alleges and shows to the Court the following:

      1. Plaintiff George Alejandro hereby brings this action against the City of New York, Captain "John" Ross, Correction Officer "John" Graves, Correction Officer "John" Nieves and Correction Officer "John" Rodriguez in their individual and official capacities as Correction Officers employed by the City of New York for damages arising out of unconstitutional policies and actions arising out of an alleged excessive use of force incident which occurred on November 11, 2007.

      2. Plaintiff brings this action against the defendants to redress the deprivation of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, the parallel rights of the New York State Constitution, and 42 U.S.C Section 1983.

3. At the time of the incident herein, plaintiff was a pre-trial detainee at 11-11 Hazen Street, East Elmhurst, NY 11370. Each defendant is a citizen of the State of New York. The amount in controversy exceeds the sum of Fifty Thousand [$50,000.00] Dollars, exclusive of interest and costs.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

5. Venue is proper in this District pursuant to 28 U.S.C. 1381.

6. At all times hereinafter mentioned the defendants Captain "John" Ross, Correction Officer "John" Graves, Correction Officer "John" Nieves and Correction Officer "John" Rodriguez were employed as New York City Correction Officers and acted under color of state law or a statute, ordinance, regulation or custom. The designation in quotation marks, "John" indicates that the first names of the Correction Officers are unknown. Plaintiff intends to discover the full names of each Correction Officer.

7. Upon information and belief, defendant City of New York was and now is, a municipal corporation, existing under and incorporated under the laws of the State of New York, with its principal place of business located at the Municipal Building, One Centre Street, New York, NY 10007.

8. That upon information and belief, the City of New York owned, operated, controlled and maintained the New York City Department of Corrections by charter, or by law, under provisions of the State and/or City of New York

9. That heretofore, the Plaintiff caused a Notice of claim in writing, sworn to by and on behalf of the Plaintiff, to be duly served upon the defendant City of New York by

delivering a copy thereof to the Office of the Corporation Counsel of the City of New York, which said Notice of claim set forth the name and post office address of the plaintiff, the nature of the claim, the time when, the place where and the manner in which said claim arose and the items of damages or injuries claimed to have been sustained so far as then practicable; that plaintiff was noticed and duly appeared at an Examination Pursuant to Section 50-h of the General Municipal Law, and that this action is being commenced within one year after the happening of the event upon which this claim is based.

## STATEMENT OF FACTS

10. On November 11, 2007, the Plaintiff was at 11-11 Hazen Street, East Elmhurst, NY 11370.

11  At the aforesaid date and place, plaintiff was assaulted and battered by the individual defendants, Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez, all of whom were employed by the City of New York, with the result that plaintiff sustained numerous fractures and was caused to sustain other personal injuries. .

## PLAINTIFF'S CLAIM.

12. Upon information and belief, Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez, acted with actual malice toward the plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff

13. Upon information and belief, the actions taken as aforesaid by Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez constituted excessive use of force, and deprivation of liberty without due process of law.

14. Upon information and belief, the conduct of defendants Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS CAPTAIN ROSS, CORRECTION OFFICER GRAVES, CORRECTION OFFICER NIEVES AND CORRECTION OFFICER RODRIGUEZ JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-14" AND FURTHER ALLEGES AS FOLLOWS:**

15. Upon information and belief, the actions taken as aforesaid by Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez, constituted excessive force, in violation of the Fourth and Eighth Amendments and a deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments.

16. Upon information and belief, Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez acted with actual malice toward the Plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

17. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain,

inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

18. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CAPTAIN ROSS, CORRECTION OFFICER GRAVES, CORRECTION OFFICER NIEVES AND CORRECTION OFFICER RODRIGUEZ JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-18" AND FURTHER ALLEGES AS FOLLOWS:

19. Defendants Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez assaulted and battered the plaintiff causing him to sustain personal injuries.

20. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-20" AND FURTHER ALLEGES AS FOLLOWS:

21. Upon information and belief, the actions taken as aforesaid by Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez, constituted excessive force, and deprivation of liberty without due process of law.

22. Upon information and belief, at all times pertinent hereto, New York City permitted and tolerated a pattern and practice of excessive force, denial of prompt

medical treatment, and deprivations of liberty without due process of law by Correction Officers of the City of New York.

23. Upon information and belief, the City of New York has maintained a system of review of Correction Officer conduct which is so untimely and cursory as to be ineffective and which permits and tolerates the excessive force, and deprivations of liberty without due process of law by Correction Officers.

24. At all times pertinent hereto, Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City of New York. These policies and practices which were enforced by Defendant City of New York were the moving force, proximate cause, and/or the affirmative link behind the conduct causing the plaintiff's injuries.

25. The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez.

26. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-__" AND FURTHER ALLEGES AS FOLLOWS:**

27. That the employees of the defendant as aforesaid, jointly and severally assaulted and battered the plaintiff causing him to sustain severe personal injuries.

28. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION [$2,000,000.00] DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-28" AND FURTHER ALLEGES AS FOLLOWS:

29. New York City owed a duty to Plaintiff to hire, train and supervise and otherwise control its Correction Officers in the proper methods of use of force incidental to this matter, and in the course of their Correctional functions. New York City failed to provide adequate training, supervision and control for the Correction Officers involved herein, and said failure constitutes negligence.

30. As a proximate result of the City of New York's negligence to provide adequate training, supervision and control of the Correction Officers involved herein, Plaintiff has sustained personal injuries.

31. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION[$5,000,000.00] DOLLARS.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against defendants Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

II. Judgment on the Second Cause of Action against defendants Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

III. Judgment on the First Cause of Action against the City of New York in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

IV. Judgment on the Second Cause of Action against the City of New York in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

V. Judgment on the Third Cause of Action against the City of New York in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

VI. Judgment for Punitive Damages against defendants Captain Ross, Correction Officer Graves, Correction Officer Nieves and Correction Officer Rodriguez in the amount of FIVE MILLION [$5,000,000.00] DOLLARS;

VII. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:   February 13, 2008
         New York, New York

ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 402
New York, NY 10001
[212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 402
New York, NY 10001
[212] 695-5811