UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

GEORGE ALEJANDRO,

                                  Plaintiff,

                -against-

THE CITY OF NEW YORK, CAPTAIN "JOHN" ROSS, [Shield No. 1509], CORRECTION OFFICER "JOHN" GRAVES [Shield No. 8450] and CORRECTION OFFICER "JOHN" NIEVES [Shield No. 10573] and CORRECTION OFFICER "JOHN" RODRIGUEZ [Shield No. Unknown] in their individual and official capacities as Correction Officers employed by the City of New York,

                                  Defendants.

**ANSWER**

Jury Trial Demanded

08 CV 1685 (AKH)

------------------------------------------------------------------ x

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that on or about November 11, 2007 plaintiff was a pre-trial detainee at 11-11 Hazen Street, East Elmhurst, NY 11370.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to base venue as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set regarding the individuals indentified in the caption of the complaint as "Captain 'John' Ross," "Correction Officer 'John' Graves," "Correction Officer 'John' Nieves," and "Correction Officer 'John' Rodriguez."

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation which exists pursuant to the laws of the State of New York, and that it maintains offices in New York County.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a Correction Department.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about January 2, 2008.

10. Denies the allegations set forth in paragraph "9" of the complaint, except admits that on or about November 11, 2007 plaintiff was an inmate at 11-11 Hazen Street, East Elmhurst, NY 11370.

11. Denies the allegations set forth in paragraph "11" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's purported injuries.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's purported injuries.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

32. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

33. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

34. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

35. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

36. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

37. Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

38. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              May 28, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-189
New York, New York 10007
(212) 788-0976

By: _____
     Johana Castro (JC 1809)
     Assistant Corporation Counsel

TO:    Andrew Plasse, Esq. (By ECF)
        Attorney for Plaintiff
        352 Seventh Avenue, Suite 402
        New York, NY 10001

Docket No. 08 CV 1685 (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE ALEJANDRO,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, CAPTAIN "JOHN" ROSS, [Shield No. 1509], CORRECTION OFFICER "JOHN" GRAVES [Shield No. 8450] and CORRECTION OFFICER "JOHN" NIEVES [Shield No. 10573] and CORRECTION OFFICER "JOHN" RODRIGUEZ [Shield No. Unknown] in their individual and official capacities as Correction Officers employed by the City of New York,

                             Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Johana Castro*
*Tel: (212) 788-0976*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................ ,2008*

*........................................................... Esq.*

*Attorney for ......................................................*